# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Case Number: _____**

| | |
|---|---|
| Mitch Krieger, | : |
| Plaintiff, | : |
| vs. | : |
| Capital One Bank (USA) N.A., | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, Plaintiff, Mitch Krieger, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Fair Debt Collection Practices Act, 559.55-559.785.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. Plaintiff, Mitch Krieger ("Plaintiff"), is an adult individual residing in Key Largo, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Capital One Bank (USA) N.A. ("Capital One"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102-3491, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6. In 2017, Capital One began calling Plaintiff's cellular telephone, number 954-xxx-8876, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

7. When Plaintiff answered calls from Capital One, he heard a prerecorded message.

8. On or about November 2, 2017, Plaintiff demanded that all calls to him cease immediately.

9. Nevertheless, Capital One continued to place numerous automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *ET SEQ.*

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

12. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

13. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

14. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

15. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

16. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA FAIR DEBT COLLECTION PRACTICES ACT, 559.55-559.785

17. Plaintiff incorporates by reference Paragraphs 1 through 9 of this Complaint as though fully stated herein.

18. Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Fair Debt Collection Practices Act, 559.72(7).

19. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to Fla Stat.§ 559.72;

    D.  Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.72 against the Defendant; and

    E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 12, 2018

                                              Respectfully submitted,

                                              By  */s/ Tamra Givens*

                                              Tamra Givens, Esq.
                                              Florida Bar No. 657638
                                              Lemberg Law, LLC
                                              43 Danbury Road, 3rd Floor
                                              Wilton, CT 06897
                                              Telephone: (203) 653-2250
                                              Facsimile: (203) 653-3424
                                              tgivens@lemberglaw.com